## J. N. HOTCHKISS V. JASON PATTERSON.
### No. 192.

1. LEASE—*stipulation to stand half loss of injured crop—value of estimated average crop too conjectural as measure of damages.* Prospective profits, when they are fairly within the contemplation of the parties, not too remote and conjectural, and susceptible of being ascertained with reasonable certainty, may constitute a proper measure of damages; but, *held*, in this case that, in a contract of lease and promise of the lessor "in case of loss of crops by hail or drought, to stand one-half of the loss," one-half of the value of what is estimated to be an average crop, at the market price of such average crop in a year when crops are a failure, is too remote and conjectural, and is not susceptible of being ascertained with such reasonable certainty as to constitute a proper measure of damages.

2. NEW TRIAL—*newly discovered evidence as ground for, should be, what.* A motion for a new trial on the ground of newly discovered evidence should be allowed where the showing discloses that the evidence was, in fact, discovered after the former trial, that due diligence was used to procure the evidence, that the evidence is material to the issue, goes to the merits of the case, is not cumulative, and ought to produce, on another trial, an opposite result upon the merits.

Error from Jewell District Court. Hon. Cyrus Heren, Judge. Opinion filed March 22, 1897. *Reversed.*

*E. P. Hotchkiss,* and *Clark A. Smith,* for plaintiff in error.

*T. S. Kirkpatrick,* for defendant in error.

MAHAN, P. J. Hotchkiss began an action on the first of March, 1892, against the defendant, before a justice of the peace of Jewell County, upon a promissory note, to recover the sum of $192.50 and interest. The defendant admitted the execution of the note, and alleged that it was given in part payment for rent of land rented from the plaintiff, by the defendant, under

a written contract of lease bearing the same date as the note, in which written lease the plaintiff in error had agreed that in case of failure of crops, either by hail or drought, the plaintiff would stand one-half of the loss; and further alleged that by the failure of crops the defendant in error had lost $1,275, and that the plaintiff was indebted to him in one-half of that sum, to wit, $637.50, of which amount he asked that $300 be set off against that note and that he have withheld for another cause of action the remainder thereof. The trial was had before the justice and judgment was rendered for a part of the amount claimed, $74.71 and costs, in favor of the plaintiff. There was an appeal to the District Court where the case was again tried, which resulted in a judgment for the defendant and against the plaintiff for the sum of $76.75 and costs. It is to reverse this judgment that the plaintiff brings this action.

The plaintiff assigns three grounds of error, the first of which is the sustaining of the objection to evidence. The case was tried upon the theory that the plaintiff had guaranteed to the defendant an average corn crop, and, not only that he should have an average crop, but that he should have a price equivalent to the usual market price of corn when there was a failure of a crop. The plaintiff, for the purpose of reducing these unusual damages to the utmost, attempted to show by the evidence that the defendant had, in fact, more corn from the crop than he admitted having had. This evidence was excluded, and upon the theory upon which the case was tried it was error to exclude this evidence. This applies to the first and second assignments of error.

The third assignment of error is that, in view of the plaintiff's contract to stand one-half of the loss in

360     HOTCHKISS v. PATTERSON.

N. Dept.     Opinion. Mahan, P. J.     5 Kan. App.

case of failure of the crop by reason of drought or hail, the court erred in its measure of damages. The court instructed the jury as follows:

"The words are ambiguous in themselves and cannot be interpreted without an explanation of their meaning. You should therefore, construe them in accordance with the true intent of the parties at the time of making the contract. If the words mean that plaintiff was to lose one-half the rent in case of a failure of crops by reason of hail or drought, and if it is proven by the greater weight of evidence that there was a failure of crops for such cause, then plaintiff should recover one-half the amount appearing due upon said note; but if the words, interpreted according to the intent of the parties, mean that plaintiff was to stand one-half the loss of a crop if occasioned by drought or hail, and it is proven by the greater weight of evidence that there was a failure for such reason, then you should allow defendant one-half the difference in value between what was raised on the farm and a fair average crop, not exceeding the sum of three hundred dollars, ascertain the difference between such sum and the amount appearing to be due upon the note, and render your verdict in favor of the person in whose favor you find the balance."

The measure of damages adopted by the court in the trial of the case is without warrant of law; such speculative damages are never allowed. If it was intended that this promise or covenant should apply to a loss occasioned by a failure of the crops, then the loss would be the rent, and expenditures of labor, money and property by the defendant in his efforts to raise crops. In any event, it could not be one-half of an average crop of corn or oats measured by the price of such commodity in a season when there was a failure. It cannot be said that the plaintiff was an insurer that the defendant would raise a crop. The measure of damages adopted

1. Damages too speculative.

by the court is so uncertain, depends upon so many contingencies, is so remote and conjectural, that, under the rules of law in relation to damages for breach of contract, it cannot be allowed as a measure of damages.

The showing for a new trial upon the ground of newly discovered evidence was ample and the court should have allowed it. The principal issue of fact involved in the case, to which evidence was directed, was as to whether by the promise of the plaintiff to stand one-half of the loss, he meant it to apply exclusively to rent, as contended for by the plaintiff; or, whether he meant it to apply to such other damages as the defendant might sustain by his loss of crops by reason of drought or hail. The court assumed that this was an issue triable by the jury, and in the absence of the written contract we must assume that its action in this respect was correct. The only evidence before the court and jury as to what was really intended by this promise, was the statements of the respective parties, plaintiff and defendant. The newly discovered evidence was statements made by the defendant to four different persons at four different times, directly contradicting his contention on the trial, and to the effect contended for by the plaintiff. These statements were made, according to the showing, soon after the contract of lease was entered into. There is no contention but that it was discovered after the former trial. It is, however, contended that the showing does not disclose that the plaintiff used such diligence as he might have used to learn that these witnesses were possessed of this knowledge. But it is clear by the showing, that the plaintiff had no reason to suppose that any of those witnesses possessed the knowledge

disclosed by the showing made.   The evidence is material to this issue and goes to the merits of the controversy.   It is not cumulative.   It is reasonable to say that it ought to produce, at another trial, an opposite result.

The judgment of the court is reversed and the case remanded with directions to the lower court to award a new trial.